MEMORANDUM **
Substantial evidence supports the BIA’s finding that Musa Sesay did not suffer persecution on account of a protected ground. The evidence does not compel a finding that Sesay’s persecution, if any, was on account of a political opinion, and Sesay’s resistance to recruitment by a guerilla movement is insufficient to provide this nexus. See INS v. Elias-Zacarias, 502 U.S. 478, 481-82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because Sesay did not prove he was eligible for asylum, his asylum application was properly denied. See 8 U.S.C. § 1158(b)(1)(B)(i).
“[I]n order to be eligible for asylum under the new [humanitarian asylum regulation], an applicant must still establish past persecution on account of a protected ground.... ” Belishta v. Ashcroft, 378 F.3d 1078, 1080 (9th Cir.2004) (order); see also *116 8 C.F.R. § 1208.13(b)(1)(iii). Because substantial evidence supports the BIA’s finding that Sesay failed to establish past persecution on account of a protected ground, Sesay necessarily failed to establish threshold eligibility for humanitarian asylum. Any error committed by the BIA in failing to articulate the denial of Sesays humanitarian asylum claim was harmless. See Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.